IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE LABORIN,

    Petitioner,                                2: 08 - cv - 1998 - TJB

    vs.

KEN CLARK, Warden

    Respondent.                             ORDER

_____//

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to have a United States Magistrate Judge conduct all further proceedings in this case on September 2, 2008 pursuant to 28 U.S.C. § 636(c)(1). Respondent consented on December 9, 2008. On September 30, 2010 an order was entered denying Petitioner's habeas corpus petition and judgment was entered.

    On October 6, 2011, Petitioner filed an "application for reconsideration of judgment pursuant to [Federal Rule of Civil Procedure] 60(b). In the "motion for reconsideration" Petitioner states that he filed a notice of appeal on October 21, 2010 but that it was never received by the Court. A review of the docket indicates that no notice of appeal was ever received by the Clerk. In the motion, Petitioner attaches a notice of appeal that is dated October 21, 2010 but was purportedly lost in the mail. Thus, in effect his "motion for reconsideration" is

1

requesting the right to file a late notice of appeal due to the purported mishandling of his prior notice of appeal.

An appeal of right may be taken only by filing a valid notice of appeal in the district court. See Fed. R. App. P. 3(a)(1). Federal Rule of Appellate Procedure 4(a)(1) requires that notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from. Federal Rule of Appellate Procedure 4(a) is the exclusive avenue for relief from expiration of the period to timely file a notice of appeal. See In re Stein, 197 F.3d 421, 426-27 (9th Cir. 2000) (Fed. R. Civ. P. 60(b) cannot be used to circumvent Federal Rule of Appellate Procedure 4(a)). Rule 4(a) is enforced without distinction between counseled and uncounseled cases. See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000). Federal Rule of Appellate Procedure 4(a)(5) allows for an extension of time to appeal if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause.

Petitioner cannot obtain an extension under Rule 4(a)(5) because his motion was not filed until approximately one year after the entry of judgment. Federal Rule of Appellate Procedure 4(a)(6) allows the district court to reopen the time to file an appeal for a period of fourteen days, but only if three conditions are satisfied – one of which is that the motion is filed within 180 days after the judgment or order is entered or within seven days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. Petitioner cannot have the time to file an appeal reopened under Federal Rule of Appellate Procedure 4(a)(6) because his motion was not filed until almost one year after the entry of judgment. As Petitioner's "motion for reconsideration" makes clear, he had notice of the September 30, 2010 entry of judgment as illustrated by his purported notice of appeal (that was never received by the Clerk's office) dated October 2010. Petitioner is not entitled to use Rule 60(b) to circumvent Federal Rule of Appellate Procedure 4 and is not entitled to relief under the rule that is the exclusive means for relief from the expiration of the time to file a notice of appeal. For the

foregoing reasons, Petitioner's motion will be denied.

Notwithstanding the fact that it is too late for Petitioner to obtain relief from the deadline to file a notice of appeal, this is not the right court to decide that an appeal is untimely and that a rule such as the "mailbox" rule applies to make Petitioner's notice of appeal timely. The Court of Appeals has that responsibility rather than the district court to determine the existence or scope of appellate jurisdiction. Attached to Petitioner's "motion for reconsideration" as Exhibit A is a notice of appeal and request for a certificate of appealability. As such, the clerk will be ordered to construe Exhibit A as a notice of appeal and a motion for a certificate of appealability and Exhibit A shall be filed as such. See Hobson v. Campbell, Civ. No. 07-5832, 2009 WL 3711926, at *2 (N.D. Cal. Nov. 5, 2009) ("Notwithstanding the fact that it is too late to obtain any relief from the deadline to file a notice of appeal, this is not the right court to decide that the appeal is untimely. It is the responsibility of the court of appeals rather than the district court to determine the existence or scope of appellate jurisdiction over an appeal and to dispose of deficient appeals. This court will liberally construe the motion . . . to also be a notice of appeal and a request for a certificate of appealability.") The application for a certificate of appealability will be denied because the issues are not "'debatable among jurists of reason,'" could be resolved differently by a different court, or are "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the opposition to Petitioner's motion, Respondent requests that the name of the Respondent be changed as Kathleen Allison is now the warden of the California Substance Abuse Treatment Facility and State Prison. Federal Rule of Civil Procedure 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office. Because Kathleen Allison is the individual who now currently has custody of Petitioner at the California Substance Abuse Treatment Facility and State Prison, the caption of this case will be hereby changed to reflect the

proper party Respondent.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (Dkt. No. 21) is DENIED;

2. The Clerk shall file Exhibit A to the motion for reconsideration (Dkt. No. 21) as a Notice of Appeal and Motion for a Certificate of Appealability;

3. The Clerk is ordered to replace KEN CLARK with KATHLEEN ALLISON as the Respondent in this matter; and

4. Petitioner's motion for a certificate of appealability is DENIED.

DATED: December 8, 2011

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE